

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| CYNTHIA B. WOODS,<br>　　　　Plaintiff,<br><br>vs.<br><br>S. C. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, MONA SECHREST,<br>MARSHA BROWN, KIM BACKMAN,<br>HOLLIE HOADWONIC, AND DR. PETE<br>LIGGETT,<br>　　　　Defendants. | §<br>§<br>§<br>§　Civil Action 3:18-0834-MGL-KDW<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND PARTIALLY DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

Plaintiff Cynthia B. Woods (Woods) filed this job discrimination action against: her former employer, Defendant the South Carolina Department of Health and Human Services (SCDHHS); Defendants Mona Sechrest, Marsha Brown, Kim Backman, and Dr. Pete Liggett, all employees of SCDHHS (collectively, the individual defendants); and Hollie Hoadwonic (Hoadwonic), an employee of SCDHHS's insurance company. Woods is proceeding pro se.

The case largely concerns the defendants' purported failure to provide Woods with accommodations for her alleged disabling reaction to fragrances, dust, etc. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the case be partially dismissed without prejudice. Specifically, the Magistrate Judge recommends the Court dismiss: (1) Woods's Title VII claim as to all the defendants, (2) her

monetary relief claims connected to her American Disabilities Act (ADA) and Family Medical Leave Act (FMLA) claims against SCDHHS, and (3) all claims against Hoadwonic. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 31, 2018, and the Clerk of Court entered Petitioner's objections on June 15, 2018. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Woods lodges not a single specific objection to the Report. She instead sets forth thirty-five pages of factual allegations, along with an eighteen-page attachment, as to why she thinks her ADA claim ought to proceed against Hoadwonic and the individual defendants. But, the ADA does not permit an action against individual defendants for violations of the ADA. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999). For these reasons, the Court will overrule Woods's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Wood's complaint is **PARTIALLY DISMISSED WITHOUT PREJUDICE**. Specifically, the following claims are **DISMISSED WITHOUT PREJUDICE**: (1) Woods's Title VII claim as to all the defendants, (2) her monetary relief claims

2

connected to her ADA and FMLA claims against SCDHHS, (3) her ADA claim against the individual defendants, and (4) all claims against Hoadwonic. Consequently, and as detailed in the Report, Woods's ADA and FMLA claims for injunctive relief against SCDHHS, as well as her FMLA cause of action against the individual defendants, remain.

**IT IS SO ORDERED**.

Signed this 21st day of June, 2018, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Woods is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.