

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| CYNTHIA B. WOODS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:18-834-MGL |
| | § | |
| S.C. DEPARTMENT OF HEALTH & | § | |
| HUMAN SERVICES, MONA SECHREST, | § | |
| MARSHA BROWN, KIM BACKMAN, | § | |
| DR. PETE LIGGETT, and CHRISTIAN L. | § | |
| SOURA, | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Cynthia B. Woods (Woods) filed this employment action against her former

employer, Defendant South Carolina Department of Health and Human Services (SCDHHS), as well

as SCDHHS employees Defendants Mona Sechrest, Marsha Brown, Kim Backman, Dr. Pete Liggett,

and former SCDHHS Director Christian L. Soura (Soura) (collectively, Defendants). Woods is self

represented.

The matter is before the Court for review of the Fourth Report and Recommendation (Fourth

Report) of the United States Magistrate Judge suggesting Defendants' motion to dismiss Woods's

second amended complaint be granted and no further amended complaints be permitted. The Fourth

Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of

South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Fourth Report on December 19, 2019, Woods filed her objections on January 6, 2020, and Defendants filed their reply to Woods's objections on January 21, 2020. The Court has carefully reviewed Woods's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

In recommending the Court grant Defendants' motion to dismiss Woods's second amended complaint, the Magistrate Judge makes the following specific suggestions: Woods's claims raised and dismissed in the Court's earlier orders need not be reconsidered, her Rehabilitation Act claims are time barred, and her 42 U.S.C. § 1983 claims and her claim for injunctive relief as to Soura should be dismissed for failure to state a claim. The Magistrate Judge also advises the Court not to allow Woods to make any further amendments to her complaint.

In Woods's submission, which is composed of seventy-five-handwritten pages of objections and nine pages of exhibits, she careens from one meritless argument to another. She repeatedly quotes other documents, often with neither quotation marks nor attribution, and makes conclusory statements void of any legal or factual support. Nevertheless, the Court has teased out what it thinks to be her eleven primary arguments, which it will address here.

First, Woods begins by generally laying out her version of the procedural history of this case. Objections at 1-17. But, this is of no consequence to the Court's consideration of the Fourth Report. Therefore, to the extent these are meant to be objections, the Court will overrule them.

Second, Woods then launches into her understanding of the standard of review for a Fed. R. Civ. P. 12(b)(6) motion, Objections at 18-23, and takes issue with the plausibility requirement discussed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the right to relief.). Of course, it is outside the province of this Court to ignore Supreme Court precedent. Instead, it must follow it. Consequently, the Court will overrule these objections, too.

Third, Woods contends the Court should not have adopted the Third Report and Recommendation (Third Report) and granted Defendants' motion to dismiss her first amended complaint inasmuch as she submitted a second amended complaint in lieu of filing objections to that report. Objections at 24-27. But, she did so at her own peril.

A bit of procedural history is warranted. After the Magistrate Judge filed the Second Report and Recommendation (the Second Report) in this case suggesting the Court grant Defendants' motion to dismiss Woods's original complaint, instead of filing any objections, Woods submitted what the Court liberally construed to be a motion to file a first amended complaint. And, as the Court noted in its February 4, 2019, text order, "[i]n an abundance of caution," it granted the motion to amend, dismissed Defendants' motion to dismiss Woods's original complaint without prejudice, and deemed the Second Report as moot.

When the Court filed its order adopting the Third Report and granting Defendants' motion to dismiss Woods's first amended complaint, it noted Woods had failed to file any objections. Although Woods had submitted her second amended complaint on that same day before the Court filed its order, the Court was unaware of it as the Clerk had not yet filed it in the docket.

According to Woods, she "believes that Judge Lewis may not have [adopted the Third Report] had she known of the second amended complaint's existence." *Id*. at 25 (some capital letters omitted). As the argument goes, because "the second amended complaint was formatted the same as the first amended complaint, Judge Lewis may have rendered the [Third Report] moot as she had done on [the Second Report]." *Id*. (some capital letters omitted). Woods is mistaken.

The "abundance of caution" the Court exercised in its February 4, 2019, text order was unwarranted when it adopted the Third Report. Simply put, the relevant law alongside Woods's allegations in her second amended complaint lead to just one unmistakable conclusion: dismissal was proper. Thus, given Woods's failure to file objections, and because there was no error–clear error, *Diamond v. Colonial Life &Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005), or otherwise–it was entirely appropriate for the Court to adopt the Third Report. That the Court was unaware of Woods's second amended complaint when it adopted the Third Report and granted Defendants' motion to dismiss Woods's first amended complaint is inconsequential. Hence, the Court will also overrule this objection.

Fourth, Woods objects to the Magistrate Judge's list of what claims are at issue in the Fourth Report, Objections at 28-34. According to her, she is seeking a "claim for injunctive relief brought pursuant to the ADA [and the Family and Medical Leave Act (FMLA)]" against SCDHHS; "monetary relief brought pursuant to the FMLA [and] the Rehabilitation Act to the following individual defendants in their individual capacities[:] Mona Sechrest[,] Marsha Brown[,] Kim Backman[, and] Pete Liggett[;] . . . [and] a new claim for injunctive relief brought pursuant to the

FMLA, the Rehabilitation Act, and the Americans with Disabilities Act" against Christian Soura in her official capacity. *Id*. at 28-29. (some capital letters omitted). Given the nature of this argument, and the fact she adds another claim later in her objections, the Court will neither sustain nor overrule this objection.

Fifth, Woods contends the Magistrate Judge erred is advising the Court to dismiss her Rehabilitation Act claims on the basis they are time barred. *Id*. at 36-44.

"When a federal statute, like the Rehabilitation Act, does not set forth a statute of limitations, federal courts borrow the state statute of limitations that applies to the most analogous state-law claim. Federal district courts should borrow the limitations period from the state in which the district court sits, as long as doing so is not inconsistent with federal law or policy." *Ott v. Maryland Dep't of Pub. Safety and Corr. Serv.*, 909 F.3d 655, 659 (4th Cir. 2018).

Other courts in this district have found the South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. § 1–13–10, et. seq., to be the most analogous state law claim and have applied the one-year statute of limitations found in that statute to Rehabilitation Act claims. *See, e.g.*, *Finch v. McCormick Correctional Inst.*, C.A. No. 4:11–0858, 2012 WL 2871665, at *2 (D.S.C. June 15, 2012); *Cockrell v. Lexington County School District One*, C.A. No. 3:11–2042, 2011 WL 5554811, at *11 (D.S.C. Nov.15, 2011); *Vandeusen v. Adams*, No. 3:06–1092, 2007 WL 2891502, at *5 (D.S.C. July 31, 2007). The Court agrees with those Courts and will apply a one-year statute of limitations here.

Inasmuch as Woods was terminated on December 1, 2016, but waited until March 27, 2018, to file this action, the one-year statute of limitation bars her complaint. According to Woods, however, the continuing violation doctrine applies to these claims, Objections at 39, she "has evidence that she sought reinstatement from [2016-2018] 'in light of changed circumstances[,]" and

the "failure to reinstate her despite . . . changed circumstances amount[s] to fresh acts of disability discrimination and are not time barred[.]" *Id*. at 44.

Unfortunately for Woods, "[a]n employer's refusal to undo a discriminatory decision is not a fresh act of discrimination." *Martin v. Southwestern Virginia Gas Co*., 135 F.3d 307, 310 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). If it were, it "would as a practical matter eliminate the statute of limitations in [employment discrimination] cases." *Kennedy v. Chemical Waste Management, Inc*., 79 F.3d 49, 51 (7th Cir.1996). Put a different way, allowing a plaintiff such as Woods "to restart the statute of limitations by sending a letter requesting reasonable accommodations after she has been unequivocally fired would destroy the statute of limitations." *Conner v. Reckitt & Colman, Inc*., 84 F.3d 1100, 1102 (8th Cir. 1996). Thus, the Court will overrule this objection as well.

Sixth, although Woods agrees with the Magistrate Judge "42 U.S.C. § 1983 can not be used to enforce rights created by the FMLA[,]" she maintains "29 U.S.C. § 2617 can be used to enforce rights created by the FMLA[.]" Objections at 45 (some capital letters omitted). As such, she requests to amend her complaint to add a Section 2617 claim. *Id*. at 46.

Section 2617 is the enforcement provision of the FMLA. As the Court has previously held, sovereign immunity bars Woods's FMLA claim against the SCDHHS. *See Coleman v. Md. Court of Appeals*, 566 U.S. 30, 33 (2012) ("In agreement with every Court of Appeals to have addressed this question, this Court now holds that suits against States under [the FMLA's self-care provision] are barred by the States' immunity as sovereigns in our federal system").

Woods's FMLA claims against the individual defendants are also disallowed by sovereign immunity. *See Lizzi v. Alexander*, 255 F.3d 128 (4th Cir. 2001) *(overruled in part on other grounds by Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721 (2003)) (holding state employee supervisors sued for violating an employee's FMLA rights enjoy the same immunity

from suit that the state itself enjoys because the state is the real party in interest.).  Therefore, the Court will deny Woods's request to amend her complaint to add a Section 2617 claim because such amendment would be futile.  *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) *(*"[L]eave to amend a pleading should be denied . . . when . . . the amendment would have been futile.").

The Court notes, when Woods listed the claims she is pursuing in her Second Amended Complaint, she neglected to list she was pursuing any Section 1983 claims.  *See* Objections at 28-29. Nevertheless, in her seventh objection, she takes issue with the Magistrate Judge's recommendation as to her Section 1983 claims, *Id*. at 47-53, and "ask[s] that this case be allowed to go forward so that if need be Congress can use it to make a ruling on the intent of the Rehabilitation Act [and] § 1983 claims." *Id.* at 48.  In other words, she seeks to employ Section 1983 as an enforcement mechanism for rights found in the Rehabilitation Act.

Although the Fourth Circuit has failed to address this issue directly, it has stated that, when a statute such as the Rehabilitation Act provides individuals with a private right of action for the enforcement of their rights under that statute, "the availability of such a remedy strongly suggests a Congressional intent to preclude resort to § 1983." *Kendall v. City of Chesapeake, Va*., 174 F.3d 437, 443 (4th Cir. 1999).  Further, the Circuit courts that have dealt with the issue has rejected the notion a plaintiff can use Section 1983 in seeking rights under the Rehabilitation Act.  *See, e.g.*,  See *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011–12 (8th Cir. 1999); *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1530–31 (11th Cir.1997).  The Court agrees with these circuit courts' decisions, and thinks the Fourth Circuit, if faced with this precise question, would too.  Accordingly, it will also overrule this objection.

Eighth, Woods sets forth a mish mash of statements and conclusory allegations concerning her claim for monetary relief. Objections at 54-55. But, inasmuch as the objections are both non-specific and without merit, the Court will overrule them.

Ninth, Woods makes a long series of objections as to why she is entitled to the injunctive relief of having her employment restored. *Id*. at 56-69. Like her objections concerning her claim for monetary relief, however, her objections regarding her request for injunctive relief are also non-specific and without merit. Consequently, the Court will overrule them, too.

Tenth, Woods next offers miscellaneous general arguments as to why the Court should not grant Defendants' motion to dismiss. *Id*. at 70-71 The Court, however, is unpersuaded and will therefore overrule these objections, too.

Eleventh, Woods maintains the Magistrate Judge erred in advising the Court to disallow any further amended complaints. *Id*. at 72-75. As per the relevant law, "a district court may not deny [a motion to amend] simply because it has entered judgment against the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). "Instead, a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Id*. However, "[t]here is one difference between a pre- and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." *Id*.

Further, although "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999). It follows that, for the Court to say it is going to forbid any further amendments before it has

reviewed the motion to amend would be an abuse of the Court's discretion. That is so because the Court would be unable to fully consider whether the motion is justified before it has reviewed it.

Thus, although Woods's motion to amend may be denied, the Court is unwilling to say any such motion will be denied before it has had an opportunity to review it. As such, because the Court is unable to determine whether it will allow any further amendment, it will neither sustain nor overrule this objection.

Any and all other objections not discussed here are so lacking in merit as not to require discussion. Thus, the Court will overrule those objections, too.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Woods's objections, except as noted above, adopts the Report to the extent it does not contradict this order, and incorporates it herein. Therefore, it is the judgment of this Court Wood's request to amend her complaint to add a Section 2617 claim is **DENIED**, Defendants' motion to dismiss is **GRANTED**, and Woods's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 10th day of February, 2020, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Woods is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.